W. D. RUSHING v. THE TEXAS COMPANY, A. S. GREIR AND
ROBERT BYRD.

(Filed 2 July, 1930.)

1. **Negligence A c—Lessee held liable for injuries resulting from negligent construction by it of addition to filling station.**

Where the owner of land erects a filling station thereon according to specifications of an oil company, and upon its completion leases it to the oil company under a lease giving the oil company full direction and control of the premises, and the lessee makes an agreement with another for the operation of the station, and constructs an addition thereto in a negligent manner so that the vent pipe from the gasoline storage tank discharges fumes therefrom into the addition, resulting in injury to the plaintiff from an explosion occurring from the ignition of the fumes from his lighted cigar when he entered the addition: *Held*, the sole duty of the one operating the station for the lessee being to sell gasoline and oil for the lessee, and the lessee retaining full direction and control of the station, the operator was a mere licensee of the lessee, and the lessee is liable in damages proximately caused by the construction of the addition to the filling station in such negligent manner.

**2. Same—In this case held: plaintiff was not guilty of contributory negligence barring recovery as a matter of law.**

Where the lessee of a filling station through its agent in charge has customarily permitted its male customers to use the ladies' rest room and smoke therein, and by reason of its negligent construction, a male customer is injured by the explosion of gas fumes ignited by his lighted cigar, contributory negligence of the customer in his action for damages will not be held as a matter of law upon the defendant's motion as of nonsuit on the evidence.

**3. Negligence D c—Nonsuit in this case held properly denied.**

Where there is evidence that a customer of a gasoline filling station is injured by the negligence of the defendant, the defendant's motion as of nonsuit is properly denied, the evidence of plaintiff's contributory negligence as a matter of law being insufficient to bar his recovery.

APPEAL by defendant, the Texas Company, from *Moore, Special Judge,* at December Term, 1929, of MECKLENBURG. No error.

This is an action to recover damages for personal injuries sustained by plaintiff when he was hurled from the rest room at a filling station in Mecklenburg County, by an explosion in said rest room, of gas vapors which had accumulated therein, as the result of the negligence of the defendants. Each of the defendants denies the allegations of negligence in the complaint, and in the answer filed by said defendant, alleges that plaintiff by his own negligence contributed to his injuries.

The rest room had been constructed and was maintained for the convenience and accommodation of customers of the filling station. When the plaintiff entered the rest room, he was a customer of the filling station. After purchasing gasoline from the operator of the filling station for use in his automobile, he lighted a cigar; he was smoking the cigar when he entered the rest room. Almost immediately after he closed the door of the rest room, a blue flame, like lightning, ran all over the room. This was followed by a terrific explosion, which blew down the brick walls of the rest room, and hurled plaintiff with great violence a considerable distance from the building. As the result of the explosion, plaintiff sustained painful and permanent injuries, by reason of which he has suffered damages.

The filling station was owned by the defendant, A. S. Greir; prior to the explosion, he had leased the premises to the defendant, the Texas Company, for a term of three years. The date of the lease which was in writing was 1 May, 1926; the explosion occurred on 15 September, 1928. On said date the defendant, Robert Byrd, was in possession of the premises, and also of the fixtures, equipment and facilities used in the operation of the filling station, which were owned by the Texas Company, under a license agreement which is also in writing. By the terms of the license agreement, the Texas Company reserved the right

as licensor to enter upon the premises, and to make such additions, alterations and substitutions as it should deem necessary. No change, alteration or substitution could be made by the defendant, Robert Byrd, as licensee, without the consent in writing of the Texas Company. As licensee he had the right only to use the premises, and the fixtures, equipment and facilities thereon for the purpose of operating the filling station and storing, handling and selling therein petroleum products purchased by him from the Texas Company.

In his complaint, plaintiff alleged that the accumulation of gas vapor in the rest room was caused by the negligence of the defendants, either in permitting an open can containing gasoline to remain in the rest room for several hours, or in so constructing and maintaining the said rest room that it enclosed a vent pipe which extended from the tank underneath the filling station, in which was stored a large quantity of gasoline, into the rest room, with the result that gas vapors arising from the gasoline in the tank were discharged into the rest room, and permitted to accumulate therein.

The rest room was constructed after the date of the lease from the defendant A. S. Grier to the defendant, the Texas Company, and after the defendant Robert Byrd had entered into possession of the premises, and of the fixtures, equipment and facilities furnished by the Texas Company. It was so constructed that it enclosed the vent pipe which was erected on the outside wall of the filling station. The gas vapors from the gasoline in the tank were discharged into the rest room, between the ceiling and the roof. The ceiling was not tight and the only window in the room was closed. About fifteen minutes before the explosion, four hundred gallons of gasoline had been put into the tank under the filling station from one of the trucks of the Texas Company. At the time of the explosion there were a thousand gallons of gasoline in the tank.

When the plaintiff rested his case, he had offered no evidence tending to show that the can which the defendant Robert Byrd had permitted to remain in the rest room for several hours prior to the explosion contained gasoline in any appreciable quantity. His motion for judgment as of nonsuit was allowed, and the action as to him was dismissed.

The motion of the defendant, A. S. Greir, at the close of the evidence for the plaintiff, for judgment as of nonsuit was also allowed, and the action as to him was also dismissed.

The issues arising upon the pleadings in the action, thereafter submitted to the jury, were answered as follows:

"1. Was the plaintiff injured by the negligence of the Texas Company as alleged in the complaint? Answer: Yes.

2. Did the plaintiff by his own negligence contribute to his injury? Answer: No.

3. What damage, if any, is the plaintiff entitled to recover? Answer: $7,500."

From judgment on the verdict that plaintiff recover of the defendant, the Texas Company, the sum of $7,500, and the costs of the action, the said defendant appealed to the Supreme Court.

*J. D. McCall for plaintiff.*

*A. E. Van Dusen, Whitlock, Dockery & Shaw and J. H. McLain for defendant.*

CONNOR, J. On its appeal to this Court, the defendant, the Texas Company, relies chiefly on its contention that there was error in the refusal of the trial court to allow its motion, at the close of all the evidence, for judgment as of nonsuit, dismissing the action as to said defendant. This contention cannot be sustained if there was evidence at the trial tending to show that plaintiff was injured, as alleged in his complaint, by an explosion of gas vapors which had accumulated in the rest room, which he had entered as a customer of the filling station; and that said gas vapors had accumulated in said rest room as the result of the negligence of the defendant as alleged in the complaint. If there was such evidence, there was no error in the denial of defendant's motion, unless upon all the evidence, plaintiff by his own negligence, as alleged in the defendant's answer, contributed to his injuries, and is therefore barred of recovery in this action.

There is no serious contention on the part of the defendant that plaintiff was not injured by an explosion of gas vapors which had accumulated in the rest room, as alleged in the complaint; nor is there any serious contention that there was no evidence tending to show that said gas vapors had entered said rest room by means of the vent pipe which was enclosed when the rest room was constructed. It is admitted that the vent pipe was constructed for the purpose of permitting gas vapors which arose from the gasoline in the tank, to escape from the tank into the open air. Upon all the evidence, it was negligence to so construct the rest room that the vent pipe discharged the gas vapors which arose from time to time from the gasoline stored in the tank, into the rest room, and not into the open air. The rest room was constructed after the owner of the filling station had leased it to the defendant, the Texas Company, and after the said defendant had put the operator of the filling station in possession of the premises, and of the fixtures, equipment and facilities which said defendant owned and furnished to the said operator, by virtue of the terms of the license agreement. There was evidence tending to show that the rest room was constructed by the owner of the filling station, at the request of and in

accordance with plans prepared and approved by the defendant, the Texas Company. The question, therefore, presented for decision is whether there was evidence tending to show that the defendant, the Texas Company, negligently constructed the rest room, and is therefore, in the absence of contributory negligence on the part of the plaintiff, liable for the damages which resulted to him from his injuries.

The relationship between the defendant, the Texas Company, and the operator of the filling station, with respect to the premises, and the fixtures, equipment and facilities thereon, at the date of the construction of the rest room, was not that of landlord and tenant; it was that of licensor and licensee. The decisions of this Court and of courts of other jurisdictions, cited and relied upon by the defendant in its brief filed in this Court, with respect to the liability of a landlord to a third person for damages resulting from injuries caused by the defective condition of the premises, while in possession of the tenant, have no application in the instant case. Ordinarily, the tenant alone is liable for such damages, for the reason that during the term of the lease he is entitled to the exclusive possession and control of the premises. In the instant case, however, the operator of the filling station, in possession not as tenant, but as licensee, had no right to make any addition, alteration or substitution on the premises or in the fixtures, equipment or facilities, put in his possession by the defendant, the Texas Company, not as landlord, but as licensor. The said defendant alone had the right to make additions, alterations and substitutions. This right was expressly reserved by the defendant in the license agreement. As the defendant, the Texas Company, alone had the right to have the rest room constructed, while the operator of the filling station was in possession of the premises, it alone is liable for damages resulting to plaintiff from its negligent construction.

It cannot be held as a matter of law that plaintiff was negligent when he went into the rest room with a lighted cigar, or that he was negligent, upon the facts which the evidence tended to show, in going into the rest room, which was designed for the use of ladies. There was evidence tending to show that he and other men, customers of the filling station, had frequently used this rest room, upon the invitation or with the consent of the operator of the filling station, and that plaintiff often smoked while in the rest room.

There was no error in the refusal of the trial court to dismiss the action, on the motion of defendant, at the close of all the evidence. Nor was there error in the instructions of the court to the jury to which defendant excepted and which it assigned as error on this appeal. The judgment is therefore affirmed.

No error.